# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | | |
|---|---|---|
| BRANDON BRYAN; JEREMY TUCKER; FRANKLIN STRACENER; NATHAN CARTER; CHRISTOPHER RICHARDSON; KENNETH RAYMOND; KAYLEN JACOBS; JUSTIN BELL; DESHUN WILLIAMS; MICHAEL MERRITT; MICHAEL BORDEN; and CORNELIUS MANNING | | PLAINTIFFS |
| v. | No. 3:18-cv-130-DPM | |
| MISSISSIPPI COUNTY, ARKANSAS | | DEFENDANT |

## ORDER

The plaintiffs, patrol deputies and jailers, say the County didn't properly compensate them for overtime hours worked. Bryan brought this case; the Court conditionally certified a collective; others opted in; the opt-in folks then joined Bryan as named plaintiffs asserting only individual claims. № 34. The County seeks summary judgment, and alternatively decertification. The alternative request is moot — no group exists. The plaintiffs seek partial summary judgment.

The County argues it properly compensated the plaintiffs for the hours on their timesheets, which the plaintiffs dispute. The County says the timesheets are sworn testimony because they include this line: "I declare under penalty of perjury under the laws of the United States of America that the above recorded hours worked and leave taken are

correct." *E.g., № 41-1 at 44*. Though the parties don't dwell on it, there's also this document's title: "Mississippi County Payroll Report Affidavit." The statute—28 U.S.C. § 1746—applies, though, only if some law requires or permits sworn declarations on timesheets. No such legal requirement exists. Does some law permit it? The County has not identified any such law. And the Court has found no authority applying § 1746 to timesheets.

Whatever the statute's reach may be on this kind of document, Mississippi County's timesheets do not entitle it to judgment as a matter of law on these workers' claims. First, on their face, the timesheets required the jailers and patrol deputies to swear about "hours worked and leave taken" on future days. That's a shadow. Second, officers have testified that they faced a Morton's fork: fill out, sign, and turn the timesheet in, or face discipline. *№ 41-3 at 14, 17–18; № 42-11 at 2*. Third, in these circumstances, admittedly a mix of contradictory and supplementary words, the Court declines to apply *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir. 1983) and like cases. There is enough explanatory material of record to implicate the rule of *Bass v. City of Sioux Falls*, 232 F.3d 615, 618 (8th Cir. 1999). And the fact finder should be the one to decide, based on in-person testimony, the truth here. The County's motion for summary judgment is therefore denied.

The plaintiffs move for summary judgment only on certain issues. The County doesn't address them in its response; it emphasizes its argument about the sworn timesheets. But, by arguing that it properly paid the plaintiffs for the hours on their timesheets, the County implicitly concedes that the plaintiffs were the County's protected, hourly paid employees under the Fair Labor Standards Act and the Arkansas Minimum Wage Act. 29 U.S.C. § 203; ARK. CODE ANN. § 11-4-203. The plaintiffs' motion is therefore granted on their issues 1 and 2: they're covered employees; and Mississippi County is their employer. The rest of the plaintiffs' points raise genuine factual questions, which a trial must resolve.

* * *

The County's motion, № 39, is denied. The plaintiffs' motion, № 42, is partly granted and mostly denied. A trial is needed to determine the timesheets' accuracy, the work period established by the County, and whether the County properly compensated the plaintiffs for overtime hours worked. The Court directs two batches of proof: one about the patrol deputies; the other about the jailers. The Court's delay in addressing the motions creates good cause to reopen the time to request a settlement conference. Any request, which must be joint, must be filed by 31 January 2020. This case is second out for trial on 6 April 2020.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

24 January 2020