IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BRANDON BRYAN; JEREMY TUCKER;
FRANKLIN STRACENER; NATHAN
CARTER; CHRISTOPHER RICHARDSON;
KENNETH RAYMOND; KAYLEN JACOBS;
JUSTIN BELL; DESHUN WILLIAMS;
MICHAEL MERRITT; MICHAEL BORDEN;
and CORNELIUS MANNING                                               PLAINTIFFS

v.                              No. 3:18-cv-130-DPM

MISSISSIPPI COUNTY, ARKANSAS                                         DEFENDANT

ORDER

1. The Court approves the proposed settlement of this wage dispute, *Doc. 65-1*. All material things considered, it's fair, reasonable, and adequate. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54 (11th Cir. 1982); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018); *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). With the help of Magistrate Judge Volpe, the parties have made a good-faith compromise of disputed overtime compensation issues. The amended complaint will be dismissed with prejudice. And the Court will retain jurisdiction for a time to enforce the agreement. One loose end: the proposed settlement is unsigned; please file a signed version by 29 May 2020.

2. The parties weren't able to resolve attorney's fees and costs during the settlement conference. Instead, as part of the wages settlement, the parties agreed to present the fees and costs issue to the Court if they couldn't agree on it separately. *Doc. 65-1 at 2–3*. They couldn't, so plaintiffs' counsel filed a motion. They seek $48,073.75 in fees and $720.50 in costs. *Doc. 62 at 29; Doc. 67 at 11*. The County responds that this request is unreasonable and should be denied or significantly reduced. *Doc. 66 at 10*.

The Court must determine the number of hours reasonably expended multiplied by reasonable hourly rates, and make any appropriate reductions. *Hensley v. Eckerhart*, 461 U.S. 424, 433–40 (1983); *Quigley v. Winter*, 598 F.3d 938, 956–59 (8th Cir. 2010). Given the wages settlement, the plaintiffs did not prevail in the sense required by the FLSA's fee provision. 29 U.S.C. § 216(b). The Court must, nonetheless, assess the fee's reasonableness; the *Hensley* rubric therefore still applies. *See Davis v. Klenk*, No. 3:12-cv-115-DPM, *Doc. 17 at 2–3* (E.D. Ark. 15 November 2012).

The Court makes a ten percent reduction for hours that were "excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434. Plaintiffs' counsel say they incurred $58,417.75; after making some cuts, they lowered that amount to $45,773.75 (before requesting $2,300 for time spent on the reply brief). Those cuts include zeroing out all hours spent by eight of the fifteen people who worked on this case

(thirteen attorneys, plus a law clerk and staff). *Doc. 62 at 13*. The Court applauds counsel's pre-emptive reduction, equating to a twenty-two percent cut.

An additional reduction of ten percent is reasonable, though, primarily because six lawyers and a law clerk are still excessive for this case. Too much time was spent on conferences, meetings, calls, and emails between the lawyers. And, despite zeroing out eight people's hours, that intra-office time still reflects the collaboration of all fifteen people who worked on the case. The Court recognizes that counsel already reduced "In House Conference" hours by about forty-two percent—from 53.8 hours to 31.3 hours. That remains a bit high for this case. As for other matters, the County's summary judgment motion presented the novel issue about sworn declarations. Offsetting counsel's work on that motion, however, was the time spent on the failed parts of the plaintiffs' partial summary judgment motion. Plus, counsel spent too much time on rather formulaic filings, like the complaint and amended complaint, and conditional certification motion. Counsel also billed too many hours reviewing each consent form. All things considered, an additional reduction of ten percent is warranted to arrive at a reasonable fee. *Hensley*, 461 U.S. at 434–37. This reduction applies only to the pre-reply work.

The time spent on the reply is an appropriate charge. *Jones v. MacMillan Bloedel Containers, Inc.*, 685 F.2d 236, 239 (8th Cir. 1982).

Here, too, counsel zeroed out some hours. *Doc. 67-7*. What remains is 7.9 hours logged by Vanessa Kinney, and one hour by Josh Sanford.

Some of the rates are reduced as shown below. The Court stands by rates it used recently in *Wolfe v. Arafa*, No. 5:17-cv-245, *Doc. 88* (E.D. Ark. 8 August 2019). They reflect current Northeast Arkansas rates for this kind of law work. The Court also used the $250 hourly rate for the lawyers in *Wright v. CMR Double J West LLC*, No. 3:17-cv-163-DPM, *Doc. 40* (E.D. Ark. 15 February 2019). The chart below reflects the ten percent reduction in hours as well, apart from the reply hours.

| | | | | | |
|---|---|---|---|---|---|
| Josh Sanford | — | 20.44 hours | x $250/hour | = | $5,110.00 |
| Stacy Gibson | — | 94.77 hours | x $200/hour | = | $18,954.00 |
| Vanessa Kinney | — | 44.62 hours | x $200/hour | = | $8,924.00 |
| Tess Bradford | — | 4.41 hours | x $175/hour | = | $771.75 |
| Steve Rauls | — | 5.04 hours | x $175/hour | = | $882.00 |
| Courtney Lowery | — | 12.87 hours | x $150/hour | = | $1,930.50 |
| Law Clerk | — | 38.97 hours | x $25/hour | = | $974.25 |
| | | | | | **$37,546.50** |

The County argues that plaintiffs' counsel deliberately lengthened the case by making unreasonable settlement demands. Perhaps. But the Court isn't persuaded that a further reduction is warranted on that basis. For instance, counsel's demand on 30 August 2018 recognized that its nearly nine hundred thousand dollar damages figure was likely too high. *Doc. 67-1 at 2*. Most

-4-

importantly, counsel secured a substantial settlement—$30,000—for the twelve patrol deputies and jailers.

As for costs, the $400 filing fee is recoverable. 28 U.S.C. § 1902(1). So is the $75 service charge. *Crues v. KFC Corporation*, 768 F.2d 230, 234 (8th Cir. 1985). However, postage is not. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). The copies of postcards and "copies of MSJ" were not necessary. 28 U.S.C. § 1902(1). And travel for deposing counsel's client is not recoverable. *Doc. 61-1 at 19*.

Here's the summary:

> Attorney Fees ........................$37,546.50
> Costs ............................................$475.00
> Total........................................$38,021.50

\* \* \*

The joint motion to approve the settlement, *Doc. 65*, is granted. The signed settlement is due by 29 May 2020. The plaintiffs' motion for costs and fees, *Doc. 61*, is mostly granted and partly denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

12 May 2020